IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-22-152-3-SLP |
| | ) |
| ROMONA BRIANNE PALONE, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's pro se Motion [Doc. No. 110] pursuant to which she seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 113] and opposes the requested relief. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 111]. For the reasons that follow, Defendant's Motion is DISMISSED.

**I.   Background**

On October 31, 2022, Defendant pled guilty to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See* Doc Nos. 54-56. On February 7, 2023, the United States Probation Officed filed its Final Presentence Investigation Report (PSR). Doc. No. 74. The PSR calculated a base offense level of 31 and a two-level reduction for qualifying for safety valve, for an adjusted offense level of 29. *Id*., ¶¶ 26, 29, 31. After a three-level reduction for acceptance of responsibility, the total offense level was 26. *Id*., ¶¶ 33-35.

The PSR calculated a total criminal history score of two. *Id.*, ¶ 48. Defendant received two additional points (status points) for committing the offense while under a criminal justice sentence for a total criminal history of four. *Id.*, ¶ 49. Defendant's criminal history score placed her in a criminal history category of III. *Id.*, ¶ 50. Combining Defendant's total offense level of 26 and criminal history category of III, the PSR recommended a guideline range of 78 to 97 months' imprisonment. *Id.*, ¶ 84.

On March 30, 2022, the Court adopted the PSR without change, varied downward, and sentenced Defendant to 60 months' imprisonment. Doc. Nos. 90, 92 at 2, 93 at 1.

Defendant subsequently filed the pending Motion. She seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821.

## II.     Governing Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a)

factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all ten of the listed criteria.[1]

---

[1] Those ten criteria are:
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

### III. Analysis

As set forth, Defendant had two criminal history points prior to the application of any status points. Amendment 821 reduces her status points to zero for a total criminal history score of two instead of four. With a total criminal history score of two, Defendant's criminal history category changes from III to II. Combining Defendant's total offense level of 26 and criminal history category of II, Defendant's amended guideline range is 70 to 87 months' imprisonment. Because Defendant's current sentence of 60 months is already less than her amended guideline range, Defendant is ineligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A)-(B); *see also Dillon*, 560 U.S. at 827.

### IV. Conclusion

For the reasons set forth, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's pro se Motion [Doc. No. 110] is DISMISSED.

IT IS SO ORDERED this 21st day of November, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE